BARRETT MANUFACTURING COMPANY, DEFENDANT IN ERROR, v. WILLIAM H. KITCHELL, PLAINTIFF IN ERROR.

Submitted December 9, 1912—Decided March 3, 1913.

A judgment in the Supreme Court in a proceeding begun in that court by attachment pursuant to section 89 of the Practice act of 1903, but continued erroneously by the procedure prescribed in the Attachment act (*Comp. Stat.*, *p.* 132) up to and including the confirmation of an auditor's report and the award of a money judgment thereon, is final in its nature and reviewable in this court by writ of error, although *no motion* was made in the Supreme Court to set it aside.

---

On error to the Supreme Court, and counter motion to dismiss writ of error.

For the plaintiff in error, *Alan H. Strong*.

For the defendant in error, *McDermott & Enright*.

The opinion of the court was delivered by

PARKER, J. The plaintiff below sued out a writ of attachment in an action of tort as prescribed by section 84 of the Practice act of 1903 (*Comp. Stat., p.* 4076), based on the alleged fraud of defendant, who had been employed by plaintiff as weighmaster, in overweighing stock purchased and causing plaintiff to pay for such excessive weight. It appeared that defendant had absconded and that summons could not be served, and the case was thus brought within the second division of section 84. No question is raised as to the propriety of the issuance of the writ. But after the issue and execution of the writ, plaintiff failed to take the steps laid down in section 89 of the Practice act, consisting of the filing of a declaration, ruling defendant to plead and entering up judgment by default, but instead of this, proceeded as if the writ had been awarded under the Attachment act of 1901, by having an auditor appointed, filing his report, and having the same confirmed by rule of court and judgment entered thereon, as in cases of attachment for a debt. Defendant entered no appearance, but has removed the judgment to this court by writ of error.

It is manifest that all the proceedings subsequent to the writ and its return are irregular, and that the judgment is therefore vitiated. Indeed, no pretence is made that the judgment has any legal procedure to support it beyond the initial step. What is urged in opposition to a reversal of this judgment, and in support of a motion to dismiss the writ of error, is the proposition that the defendant should have moved the Supreme Court to vacate its own judgment, and that it would in all probability have done so; and that only in case of its refusal to disturb the judgment will a writ of error lie. This claim, however, appears to ignore the fundamental consideration that a judgment in the Supreme Court, entered in due form as such, and awarding a sum certain as due from

one party to the other, is a finality for the purposes of review by writ of error. True, that court has control over its own judgments and may open them or set them aside in the exercise of discretion or for jurisdictional reasons or for error in the record. But we think it has never been held that legal error appearing in the record of a judgment was not reviewable in an appellate court because the court below might and should, on application, have rectified the error. Sometimes that course is pursued, as in *Knight* v. *Cape May Sand Co.,* 54 *Vroom* 597, where the judgment was by confession; but *non constat* that error would not have lain from the judgment without such application. In *Stehr* v. *Ollbermann,* 20 *Vroom* 633, the defect was jurisdictional, and this court dealt with it in error, though the Supreme Court, if thereto moved, should have set aside its own judgment as improvidently entered.

The fact that this proceeding was not according to the course of the common law, if such be the fact, does not alter the situation or deprive this court of jurisdiction. That an attachment under the Practice act was not according to the course of the common law was held in *Hisor* v. *Van Diver,* 53 *Vroom* 303. Assuming the correctness of this decision, the rule is settled by a number of decisions that the writ of error "has performed in this court from an early date, a twofold office, viz., all the functions of a writ of error at common law, and in addition many of those of a *certiorari,*" and that "the only requisites are that the decision of the inferior court is final and has not proceeded from a matter resting in discretion." *Eames* v. *Stiles,* 2 *Id.* 490. If this record had come from the Circuit Court and was under review in the Supreme Court, it should have been brought there by *certiorari. Hisor* v. *Van Diver, supra; Curtis* v. *Steever,* 7 *Vroom* 304. But, as pointed out in Eames *v.* Stiles, this court in reviewing the proceedings of courts of common law does not act by *certiorari,* but only by writ of error. This practice was recognized in the early case of *Den* v. *Rutherford,* 1 *Zab.* 700, 703, and is too well settled to admit of question.

*55 Vroom.* Hess v. Public Service Ry. Co.

The writ of error being properly sued out, and the error appearing on the face of the record, the judgment should be reversed and the record remitted for further proceedings in the Supreme Court according to law.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Minturn, Kalisch, Bogert, Vredenburgh, Congdon, Treacy, JJ. 12.